On writs of certiorari (335 U. S. 883) to review judgments of the Court of Claims holding that respondents were entitled to recover just compensation for taking of riparian rights in construction of Friant Dam.
*896 The judgments of tlie Court of Claims were affirmed by the Supreme Court June 5, 1950.
The opinion of the Supreme Court was delivered by Mr. Justice Jackson.
The syllabus of the Supreme Court’s decision is as follows:
Respondents are owners of so-called “uncontrolled grass lands” along the San Joaquin River in California which depend for water upon seasonal inundations resulting from overflows of the River. The value of these lands will be impaired by the construction by the United States of the Friant Dam and its dependent irrigation system, as part of the Central Valley Project, a gigantic .undertaking by the Federal Government to redistribute the principal fresh water resources of California. While the project will have some relatively insignificant effects on navigation, its principal economic effects pertain to values realized from storage and redistribution of water for power, irrigation, reclamation, flood-control, and other similar purposes. Claiming under California law riparian rights to the benefits from the annual inundations of their lands., respondents sued in the Court of Claims for compensation. The Government contended that the damage was noncompensable, on the ground that the entire project was authorized by Congress, under the commerce power, as a measure for the control of navigation. Held: Judgments of the Court of Claims in favor of respondents are affirmed.
1. .Even if it be assumed that Friant Dam bears some relation to control of navigation, nevertheless Congress elected to treat it as a reclamation project, to recognize any state-created rights and to take them under its power of eminent domain; and the provisions of the Reclamation Act, 43 U. S. C. §§ 371 el seq., providing for reimbursement, are applicable to these claims.
(a) In undertaking the Friant projects and implementing the work as carried forward by the Reclamation Bureau, Congress proceeded on the basis of full recognition of water rights having valid existence under state law.
(b) Notwithstanding its general declaration of purpose that the Central Valley Project as a whole is to improve'navigation, Congress did not intend to invoke its navigation servitude as to each and every one of this group of coordinated projects and has not attempted to take, or authorized the taking, without compensation, of rights valid under state law.
*897 (c) The administrative practice with ref erence to this project supports the view that it is a reclamation project involving respect for existing water rights and compensation to owners thereof. _
_ 2. Under California law, respondents had riparian rights to periodic inundations of their lands by seasonal overflows of the River; these rights are compensable under California law; and the awards of the Court of Claims correctly applied the law of California as made applicable to these claims by Congress.
3. This Court declines to set aside the determination of the Court of Claims that the date from which interest is to be allowed is October 20,1941, the date of the first substantial impoundment of water, even though it had not then prevented benefits from reaching the property.
4. This Court accepts without review a finding by the Court of Claims construing reservations in deeds of certain of the claimants, a question governed by conveyancing and real property law peculiar to this one case, depending on local law, and not of general interest, and on which there is no manifest error in the finding of the Court of Claims.
5. The Court of Claims adequately described the rights taken and for which it made an award.
Mr. Justice Black concurred in the judgment and opinion except that he agreed with Mr. Justice Douglas that interest should not be allowed.
■ Mr. Justice Douglas delivered an opinion concurring in part and dissenting in part in which he concluded “that Congress by Section 8 of the Reclamation Act agreed to pay (though not required to do so by the Constitution) for water rights acquired under State law in navigable as well as. non-navigable streams.” Mr. Justice Douglas further said: “I do not think the claimants are entitled to interest.”